Alexander Hemsley, III, Esq.
**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
 (201) 928-1100
Attorneys for Plaintiffs,
The Boards of Trustees of the International
Union of Operating Engineers Local 825 Pension Fund,
Operating Engineers Local 825 Welfare Fund,
Operating Engineers Local 825 Apprenticeship Training & Re-Training Fund,
Operating Engineers Local 825 Supplemental Unemployment Benefit Fund,
Operating Engineers Local 825 Saving Fund, Operating Engineers
Local 825 Profit Sharing Fund f/k/a Operating Engineers
Local 825 Annuity Fund

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, OPERATING ENGINEERS LOCAL 825 WELFARE FUND, OPERATING ENGINEERS LOCAL 825 APPRENTICESHIP TRAINING & RE-TRAINING FUND, OPERATING ENGINEERS LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, OPERATING ENGINEERS LOCAL 825 SAVING FUND, and OPERATING ENGINEERS LOCAL 825 PROFIT SHARING FUND f/k/a OPERATING ENGINEERS LOCAL 825 ANNUITY FUND, | Civil Action No. |
| | |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| JERSEY CONSTRUCTION, INC. and KRISANNA CONSTRUCTION, INC., | |
| Defendants. | |

Plaintiffs, the Boards of Trustees of the International Union of Operating Engineers Local

825 Pension Fund, Operating Engineers Local 825 Welfare Fund, Operating Engineers Local

1

825 Apprenticeship Training & Re-Training Fund, Operating Engineers Local 825 Supplemental Unemployment Benefit Fund, Operating Engineers Local 825 Saving Fund, and Operating Engineers Local 825 Profit Sharing Fund f/k/a Operating Engineers Local 825 Annuity Fund (collectively, the "Boards of Trustees" or "Plaintiffs"), by way of Complaint against defendants, Jersey Construction, Inc. ("Jersey Construction") and Krisanna Construction, Inc. ("Krisanna") (Jersey Construction and Krisanna are, collectively, "Defendants"), hereby state as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145, and Section 301 of the Labor-Management Relations Act of 1947 (the "LMRA" or "Taft-Hartley Act"), 29 U.S.C. §185, seeking legal, injunctive and equitable relief as a result of violations of ERISA, and breaches of a Collective Bargaining Agreement between Local Union No. 825, affiliated with the International Union Of Operating Engineers, AFL-CIO ("Local 825") and Jersey Construction.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1337, Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §1132(a), (e), (f) and (g) and §1451(a), (b) and (c), and Section 301 of the LMRA, 29 U.S.C. §185.

3.      Venue properly lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §1132(e)(2) and §1451(d), and Section 301 of the LMRA, 29 U.S.C. §185. Additionally, venue properly lies in this District pursuant to 28 U.S.C. §1391, because Plaintiffs maintain their principal place of business in this District and Defendants reside in and are subject

to personal jurisdiction in this District, and a substantial part of the events and/or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

4.     The Boards of Trustees have a principal place of business at 65 Springfield Avenue, Second Floor, Springfield, New Jersey 07081 and are the Trustees of the following jointly-administered, multi-employer, labor-management trust funds: Operating Engineers Local 825 Pension Fund, Operating Engineers Local 825 Welfare Fund, Operating Engineers Local 825 Apprenticeship Training and Re-Training Fund, Operating Engineer Local 825 Supplemental Unemployment Benefit Funds, Operating Engineers Local 825 Savings Fund, and Operating Engineers Local 825 Profit Sharing Fund f/k/a Operating Engineers Local 825 Annuity Fund (collectively, the "Funds").

5.     The Funds are established and maintained pursuant to collective bargaining agreements in accordance with Sections 302(c)(5) and (c)(6) of the LMRA, 29 U.S.C. §186(c)(5), (c)(6).  Each of the Funds is an employee benefit plan within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1), and a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and 1145.

6.     The Funds are also maintained pursuant to Agreements and Declarations of Trust (the "Trust Agreements") for the purposes of collecting and receiving contributions from employers who are obligated by collective bargaining agreements ("CBAs") with Local 825 to contribute to the Funds on behalf of employees performing work covered by the CBAs.

7.     In accordance with the Trust Agreements, the Trustees promulgated the Employer Contribution Collection Policy and Procedures ("Collections Policy") setting forth additional

policies and procedures for the purposes of collecting and receiving contributions from employers.

8.      The CBAs, the Trust Agreements, and the Collections Policy are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the CBAs.

9.      The Boards of Trustees are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1002(21) and 1132, and bring this action in their fiduciary capacity, on behalf of the Funds, their participants and beneficiaries.

10.      Defendant, Jersey Construction, is a corporation organized and existing pursuant to the laws of the State of New Jersey, with a principal place of business at 838 Piney Hollow Road, Hammonton, New Jersey, 08037.

11.      At all times relevant herein, Jersey Construction has been an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and has been an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

12.      Defendant, Krisanna, is a corporation organized and existing pursuant to the laws of the State of New Jersey, and also has a principal place of business at 838 Piney Hollow Road, Hammonton, New Jersey, 08037.

13.      At all times relevant herein, Krisanna has been an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and has been an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

## FACTS COMMON TO ALL COUNTS

### The Collective Bargaining Agreements

14.     At all times relevant herein, Jersey Construction has been a party to CBAs with Local 825, covering workers engaged in the operation of power equipment (as defined in the CBAs), used in the construction, alteration and repair of buildings, structures, bridges, bridge approaches, viaducts, shafts, tunnels, subways, foundations, streets, highways, sewers, sewage disposal plants, filtering plants, incinerators, piers, docks, dams, dredging, port works, river and harbor improvements, pipelines, pipeline water crossings, temporary pipe fittings, sinking of wellpoints, all piping in connection with wellpoints, burning and welding, installing, repairing and maintaining of all equipment, fitting up, dismantling, repairing and maintaining and operating of machinery when done on the job, and such other work as by custom has been performed by workmen in the fields of construction outlined in the CBAs (the "Covered Work"), within the State of New Jersey and Delaware, Ulster, Sullivan, Rockland, and Orange Counties within the State of New York.

15.     The CBAs contain specific provisions governing wages, hours, manpower referrals and staffing, manning and other working conditions of those employees of Jersey Construction that perform Covered Work.

16.     The CBAs require Jersey Construction to make wage payments in accordance with the wage schedules and job classifications attached and made part of the CBA.

17.     The CBAs also require Jersey Construction to make contributions to the Funds in specified amounts on behalf of its employees performing Covered Work.

18.     The CBAs require that Jersey Construction abide by the Trust Agreements and Collections Policy.

19.     The CBAs further provide that Jersey Construction will agree to execute a Collective Bargaining Agreement with Local 825 covering any subsidiary corporation or any separate corporation engaged in construction work which Jersey Construction or its officers have formed, may form or have a direct or indirect interest therein.

20.     The CBAs additionally provide that all construction operations which involve the use of "Operating Engineers" will be done by companies having a Collective Bargaining Agreement with Local 825, and that Jersey Construction shall not utilize subsidiary corporations or other corporations in which Jersey Construction or its officers have a direct or indirect interest to engage in non-Union construction activities with the effect of depriving the employees of Jersey Construction (a party to the CBAs) of work opportunities on the terms and conditions set forth in the CBAs.

21.     Moreover, pursuant to the terms of the CBAs with Local 825, as well as the Trust Agreements and Section 515 of ERISA, 29 U.S.C. §1145, Jersey Construction was required, inter alia, to pay wages to its employees and contributions to the Funds on behalf of its employees performing Covered Work at the rates and times set forth in the CBAs.

**The Audit of Jersey Construction**

22.     Pursuant to the CBAs, Trust Agreements, and Collections Policy, the Funds conducted an audit of Jersey Construction's books and records (the "Audit"), covering the period from January 2009 through August 2013 (the "Audit Period").

23.     The Audit revealed that Jersey Construction failed to make all required contributions to the Funds.

24.     The Audit revealed that the total amount due and owing to the Funds was $1,038,605.95, comprised of $646,703.45 in contributions due, plus liquidated damages in the

6

amount of $129,340.69, plus interest in the amount of $197,070.50, plus audit fees in the amount of $65,491.31.

25.     The Funds have demanded payment of these sums from Jersey Construction.

26.     Despite the Funds' demand, Jersey Construction has neglected, failed and refused, and continues to neglect, fail and refuse, to pay any of the amount due and owing to the Funds, and the full amount of  $1,038,605.95 remains outstanding as of this date.

**The Interrelationship Between Jersey Construction and Krisanna**

27.     Jersey Construction and Krisanna share the same principal place of business at 838 Piney Hollow Road, Hammonton, New Jersey, 08037. See also Exhibit A, attached hereto.

28.     Jersey Construction and Krisanna share the same construction equipment. In fact, "lowboy" trailers used to move equipment are labeled with both the "Jersey Construction" and the "Krisanna" logos.

29.     Jersey Construction and Krisanna share the same vehicles, namely, black pick-up trucks.   These black pick-up trucks have black magnetic door signs that say "Jersey Construction."   When one of these black pick-up trucks arrives at and/or is used on a "Krisanna" jobsite, the foreman driving the truck places a black magnetic door sign that says "Krisanna Construction" over the "Jersey Construction" door sign. See Exhibit B, attached hereto.

30.     Upon information and belief, all construction equipment and vehicles shared between Jersey Construction and Krisanna are stored at their common principal place of business of 838 Piney Hollow Road, Hammonton, New Jersey, 08037.

31.     Upon information and belief, a superintendent named Jim Begley has supervised and continues to supervise both Jersey Construction and Krisanna jobsites, as well as Jersey Construction and Krisanna employees.

32.     Upon information and belief, Jersey Construction and Krisanna perform the same types of construction work, including, without limitation, concrete work, paving work, milling work, and earth work. Upon further information and belief, all paving or milling work required on Krisanna jobsites was performed and is performed by Jersey Construction's employees.

33.     Jersey Construction and Krisanna have worked on the same jobsites/projects, including, without limitation, the Pomona Airport project. Upon information and belief, Jersey Construction and Krisanna continue to work on the same jobsites/projects.

34.     Upon information and belief, Jersey Construction and Krisanna serve the same or similar customers.

35.     On the website businessfinder.nj.com, the listing for Jersey Construction directs people to "Visit krisannaconstruction.com," which is Krisanna's website. See Exhibit C, attached hereto.

36.     The e-mail addresses for Jersey Construction and Krisanna share the same domain name, "JCI-KCI.com."

37.     The President of Jersey Construction is Theodore Whitmyer, and the Secretary of Jersey Construction is Anna Marie Whitmyer. Upon information and belief, Theodore Whitmyer and Anna Marie Whitmyer are husband and wife. New Jersey corporate records list Theodore and Anna Marie Whitmyer as having an address at 1528 Mays Landing Road, Folsom, New Jersey 08037.

38.     The President of Krisanna is Kristin Whitmyer Thompson.  Upon information and belief, Kristin Whitmyer Thompson is the daughter of Theodore Whitmyer and Anna Marie Whitmyer. New Jersey corporate records also list Kristin Whitmyer Thompson as having an address at 1528 Mays Landing Road, Folsom, New Jersey 08037.

39.    Anna Marie Whitmyer negotiates and directs labor relations on behalf of both Jersey Construction and Krisanna.

40.    Upon information and belief, Jersey Construction and Krisanna share several of the same employees.

41.    Based upon the facts identified in Paragraphs 27 through 40, and based upon further information and belief, Jersey Construction and Krisanna, have had and continue to have substantially-identical management, business purpose, operation, equipment, customers, supervision, and ownership.

42.    Upon information and belief, Krisanna was, and is, a veiled continuance of Jersey Construction that allowed Jersey Construction to avoid its obligations to the Funds and/or Local 825.

43.    Upon information and belief, Krisanna was, and is, merely a technical change of operations of Jersey Construction and/or a "disguised continuation" of Jersey Construction.

44.    Upon information and belief, Krisanna is an alter ego and/or successor of Jersey Construction and the CBAs between Local 825 and Jersey Construction and the documents governing the Funds apply to Covered Work performed by both Jersey Construction and Krisanna.

45.    As an alter ego and/or successor of Jersey Construction, Krisanna is jointly liable for, with Jersey Construction, inter alia, all debts owed to the Funds and/or Local 825 by Jersey Construction, including, inter alia, the sum of $1,038,605.95, which is comprised of $646,703.45 in contributions due, plus liquidated damages in the amount of $129,340.69, plus interest in the amount of $197,070.50, plus audit fees in the amount of $65,491.31.

46.     Based upon the facts identified in Paragraphs 27 through 40, and based upon further information and belief, Jersey Construction and Krisanna have been and continue to be part of a single, integrated enterprise with interrelated operations, common management, centralized control of labor relations, and common ownership.

47.     Because Krisanna is part of a single, integrated enterprise with Jersey Construction, Krisanna is jointly liable for, with Jersey Construction, inter alia, all debts owed to the Funds and/or Local 825 by Jersey Construction, including, inter alia, the sum of $1,038,605.95, which is comprised of $646,703.45 in contributions due, plus liquidated damages in the amount of $129,340.69, plus interest in the amount of $197,070.50, plus audit fees in the amount of $65,491.31.

## FIRST COUNT
### (For Delinquent Contributions – Jersey Construction – ERISA)

48.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 47 of the Complaint as if fully set forth at length hereafter.

49.     Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145.

50.     The Audit of Jersey Construction's books and records revealed that Jersey Construction failed to make all required contributions to the Funds during the Audit Period.

51.     As a result of its failure to contribute $646,703.45 to the Funds as identified in the Audit during the Audit Period, Jersey Construction has breached its CBAs with Local 825 and Section 515 of ERISA, 29 U.S.C. §1145.

52.     Additionally, upon information and belief, since the conclusion of the Audit Period, Jersey Construction has neglected, failed and refused, and continues to neglect, fail and refuse, to make all required contributions to the Funds.

53.     Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that, upon a finding that an employer violated Section 515 of ERISA, 29 U.S.C. §1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

54.     Moreover, pursuant to documents and instruments governing the Funds, including the CBAs and the Trust Agreements, employers whose contributions are delinquent are required to pay interest at the Prime Interest Rate plus 2.0% per annum, liquidated damages of 20% of the principal amount due, attorneys' fees and costs, and audit fees.

55.     Accordingly, in connection with Covered Work performed during the Audit Period, Jersey Construction is liable to the Funds for $646,703.45 in contributions due, plus liquidated damages in the amount of $129,340.69, plus interest in the amount of $197,070.50 (and interest that continues to accrue), plus audit fees in the amount of $65,491.31, plus attorneys' fees and costs.

56.     Jersey Construction is also liable to the Funds for all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

57.     Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

58.     As a result, Plaintiffs have suffered and will continue to suffer damages.

## SECOND COUNT
### (For Delinquent Contributions – Krisanna – Alter Ego)

59.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 58 of the Complaint as if fully set forth at length hereafter.

60.     At all times relevant herein, Krisanna was and is the alter ego and/or successor of Jersey Construction

61.     As the alter ego and/or successor to Jersey Construction, Krisanna is liable to the Funds for the liabilities and/or obligations of Jersey Construction stemming from the Audit Period, as well as those liabilities and/or obligations of Jersey Construction that have arisen since the Audit Period.

62.     Therefore, Krisanna is liable to the Funds for the liabilities and/or obligations of Jersey Construction stemming from the Audit Period, including, _inter alia_, the $646,703.45 in contributions due, plus liquidated damages in the amount of $129,340.69, plus interest in the amount of $197,070.50 (and interest that continues to accrue), plus audit fees in the amount of $65,491.31, plus attorneys' fees and costs.

63.     Krisanna is also liable to the Funds for the liabilities and/or obligations of Jersey Construction that have arisen since the Audit Period, including, _inter alia_, all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

64.     Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

65.     As a result, Plaintiffs have suffered and will continue to suffer damages.

## THIRD COUNT
### (For Delinquent Contributions – Krisanna – Single Employer)

66.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 65 of the Complaint as if fully set forth at length hereafter.

67.    At all times relevant herein, Krisanna and Jersey Construction have been part of a single, integrated enterprise, with interrelated operations, common management, centralized control of labor relations, and common ownership.

68.    At all times relevant herein, Krisanna has shared and continues to share a "single-employer" status with Jersey Construction

69.    Because Krisanna is part of a single, integrated enterprise with Jersey Construction and has shared and continues to share a "single-employer" status with Jersey Construction, Krisanna is liable to the Funds for the liabilities and/or obligations of Jersey Construction stemming from the Audit Period, as well as those liabilities and/or obligations of Jersey Construction that have arisen since the Audit Period.

70.    Therefore, Krisanna is liable to the Funds for the liabilities and/or obligations of Jersey Construction stemming from the Audit Period, including, inter alia, the $646,703.45 in contributions due, plus liquidated damages in the amount of $129,340.69, plus interest in the amount of $197,070.50 (and interest that continues to accrue), plus audit fees in the amount of $65,491.31, plus attorneys' fees and costs.

71.    Krisanna is also liable to the Funds for the liabilities and/or obligations of Jersey Construction that have arisen since the Audit Period, including, inter alia, all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

72.    Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

73.    As a result, Plaintiffs have suffered and will continue to suffer damages.

### FOURTH COUNT
**(For Delinquent Contributions – Krisanna – CBA)**

74.    Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 73 of the Complaint as if fully set forth at length hereafter.

75.     Upon information and belief, Jersey Construction and/or its officers have a direct and/or indirect interest in Krisanna

76.     Upon information and belief, at all times relevant herein, Krisanna was and is a "subsidiary" and/or "separate" corporation of Jersey Construction and/or its officers, within the meaning of Jersey Construction's CBAs with Local 825, and is therefore bound by the terms of Jersey Construction's CBAs with Local 825.

77.     Because Krisanna was and is a "subsidiary" and/or "separate" corporation of Jersey Construction and/or its officers within the meaning of Jersey Construction's CBAs with Local 825, Krisanna is liable to the Funds for the liabilities and/or obligations of Jersey Construction stemming from the Audit Period, as well as those liabilities and/or obligations of Jersey Construction that have arisen since the Audit Period.

78.     Therefore, Krisanna is liable to the Funds for the liabilities and/or obligations of Jersey Construction stemming from the Audit Period, including, inter alia, the $646,703.45 in contributions due, plus liquidated damages in the amount of $129,340.69, plus interest in the amount of $197,070.50 (and interest that continues to accrue), plus audit fees in the amount of $65,491.31, plus attorneys' fees and costs.

79.     Krisanna is also liable to the Funds for the liabilities and/or obligations of Jersey Construction that have arisen since the Audit Period, including, inter alia, all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

80.     Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

81.     As a result, Plaintiffs have suffered and will continue to suffer damages.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, on the First through Fourth Counts of the Complaint:

a.      Restraining and permanently enjoining Defendants from violating the CBAs, and adjudging Krisanna bound by the terms of the CBAs;

b.      Granting judgment in favor of the Boards of Trustees for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions, and for money damages in the amount of the contribution delinquencies that continue to accrue and become due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions;

c.      Pre-judgment interest;

d.      Post-judgment interest;

e.      Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

f.      Audit fees;

g.      Reasonable attorneys fees and costs of suit; and

h.      For such other and further relief that this Court deems equitable, just and proper.

Dated: August 31, 2017          By: /s/ Alexander Hemsley, III
                                    Alexander Hemsley, III, Esq.
                                    DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
                                    Glenpointe Centre West
                                    500 Frank W. Burr Blvd.
                                    Teaneck, NJ 07666
                                    AHemsley@decotiislaw.com
                                    (201) 928-1100
                                    *Attorneys for Plaintiffs*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, and is not the subject of any pending arbitration or administrative proceeding. I am not currently aware of any other party who should be joined in this action.

I certify under penalty of perjury that the foregoing is true and correct.   Executed on this 31st day of August, 2017

/s/ Alexander Hemsley, III
Alexander Hemsley, III, Esq.
DeCOTIIS, FITZPATRICK COLE & GIBLIN, LLP
Glenpointe Centre West
500 Frank W. Burr Blvd.
Teaneck, NJ 07666
AHemsley@decotiislaw.com
(201) 928-1100
*Attorneys for Plaintiffs*

# Exhibit A



# Exhibit B



# Exhibit C

**Menu**          Set Weather                                              Subscribe

                                                                              Sign In   Search

**Find a local business**      **What?** [                    ]      **Where?** [ New Brunswick, NJ ]      Find

                               i.e., pizza, plumbers, hotel             City OR zip code

Find Local Businesses in New Jersey                              Invite a friend!  |  Sign in  |  Sign up

# Jersey Construction

838 Piney Hollow Rd
Hammonton , NJ 08037

## (609) 704-0005

Visit: krisannaconstruction.com

**Is this your business?  Claim it now!**
Submit a correction

[    0    ] [    0    ]

                              **(0)**

Share   [ G+ ]

| Is this your business?  Claim it now! |

| Get Directions |

**User Photos & Videos**                    Add Photo or Video
Be the first NJ.com user to add photos or videos of
Jersey Construction

# Reviews of this business             Share a review

## Business description (2)

Jersey Construction Inc. is located at 838 Piney Hollow Rd Ste 3 in Hammonton and has been in the business of Water And Sewer Line Construction since 1971.

Posted on October 30, 2016. Brought to you by dandb.

Jersey Construction Inc is located at 838 Piney Hollow Rd # 3, Hammonton, NJ. This business specializes in General Contractors.

Posted on July 04, 2014. Brought to you by merchantcircle.

# Featured Businesses

## A. Federico Painting Co.

Uxbridge Dr.
Cherry Hill, NJ 08034

"We Leave Your Home Spotless"

## Weichert, Realtors

6 Route 70 West
Marlton, NJ 08053

## Hilton Realty Co Advance At Carnegie Ctr

902 Carnegie Ctr
Princeton, NJ 08540